UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| GRINNING MITTEN LLC d/b/a RAILTOWN BREWING COMPANY, a Michigan limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>BYRON STATION, LLC d/b/a RAILBIRD TAPHOUSE AND BREWERY, a Michigan limited liability company,<br><br>        Defendant. | Case No.:  1:18-cv-958<br><br>Hon.:  Janet T. Neff<br><br>**JOINT STATUS REPORT** |

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK and STONE, P.L.C.<br>Joseph M. Infante (P68719)<br>Kimberly A. Berger (P56165)<br>Attorneys for Plaintiff<br>99 Monroe Avenue, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com | BAAR & LICHTERMAN, PLLC<br>Joel Baar (P56796)<br>Attorneys for Defendant<br>3140 Division Ave. SW<br>Suite A<br>Grandville, MI 49418<br>(616) 965-2221<br>Joel@baarlegal.com |

      A Rule 16 Scheduling Conference is scheduled for **November 20, 2018 at 2:30 PM,** before Hon. Janet T. Neff.  Appearing for the parties as counsel will be: Joseph M. Infante for Plaintiff Grinning Mitten, LLC d/b/a Railtown Brewing Company ("Railtown") and Joel Baar for Defendant Byron Station, LLC d/b/a "Railbird Taphouse and Brewery ("Railbird").

      **Jurisdiction:**      The basis for the Court's jurisdiction is federal question jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338(b).  This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §1338(a) and supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. §1367(a).

**Jury or Non-Jury:**

This case is to be tried before the Court as a trier of law and fact.

**Judicial Availability:**   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order entry of final judgment.

**Statement of the Case:**

**Plaintiff's Statement of the Case**

Railtown is the owner of U.S. Trademark Registration No. 5,224,148 for the word mark "Railtown Brewing Co.," registered since June 13, 2017, and used in commerce since at least as early as August 7, 2014. (the "Railtown Mark")  Railtown is also the owner of U.S. Trademark Registration No. 5,376,630 for a Design Mark which incorporates the words "Railtown Brewing Co.", registered since January 9, 2018, and used in commerce since at least as early as August 7, 2014.

In mid-2018, Railtown became aware of Railbird's use of a mark substantially similar to the Railtown Mark for identical goods and services.  Railtown regularly fields inquiries from consumers who are confused by the two businesses and presume they are related.  Since the time of filing this lawsuit, Railtown has received additional evidence of consumer confusion as the lawsuit has led to consumers expressing their confusion.  Railbird is a brewery in planning which seeks to also open a brewery in the southern metro area of Grand Rapids, namely in Byron Center.  The planned location is less than ten (10) miles from Railtown's existing brewery/taproom.  Given Railtown's location south of the M-6 highway, Railtown draws a substantial portion of its customers from those communities located in the southern metro area of Grand Rapids, Michigan.

Railtown contacted Railbird regarding the confusion due to its use of the infringing mark, however Railbird has refused to cease use of the infringing mark. Railbird's unauthorized and infringing use has, and is likely to continue to, confuse, mislead and deceive consumers as to the source or origin of the goods and services available from Railbird.

**Defendant's Statement of the Case**

Plaintiff's "Railtown" mark evokes railroad imagery – a prominent locomotive with railroad tracks and the words "Railtown Brewing Co." -  a picture of which is below:



On the other hand, the "Railbird" logo pays homage to the historic 'Byron Center Chicken' that used to be located on the site of the Byron Hotel, which is the site of Byron Station, LLC's "Byron Station" proposed taphouse and brewery.  The 'Byron Center Chicken' is synonymous with the location.  The "Railbird" logo is a stylized burgundy-colored chicken with the word "Railbird":



There are no railroad tracks and no locomotive – just a bird.  It is Byron Station's contention that any customer confusion is not caused by the name or logo, as a typical consumer is not likely to be confused before engaging in a business transaction with either party.  Furthermore, Plaintiff has no enforceable rights to the formative term "Rail", given the fact that numerous companies also use the term "Rail" nationwide within the beer industry.  Towards that end, the USPTO has

twice determined that Byron Station's Railbird marks would not be confusingly similar to Plaintiff's marks.

**Prospects of Settlement:**

The parties have been actively engaged in settlement discussions and believe that facilitative mediation will further assist in those discussions.

**Pendant State Claims:**

This case involves state law claims for trademark infringement and unfair competition.

**Joinder of Parties and Amendment of Pleadings:**   The parties do not anticipate filing any motions for joinder of parties to this action or to amend the pleadings.  Should either side seek to join a party or amend its pleadings, the party will present a motion by December 4, 2018.

**Disclosures and Exchanges:**

> (i) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:  Fed. R. Civ. P. 26(a)(1) disclosures shall be made by December 14, 2018.

> (ii) The Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by January 4, 2019.  Defendant expects to be able to furnish the names of Defendant's expert witnesses by January 25, 2019.

> (iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports should be exchanged according to the following schedule:  Plaintiff should produce its

expert reports eighty (80) days before the close of discovery and Defendant should produce its expert reports fifty (50) days before the close of discovery.

(iv) The parties have not agreed to make available documents without the need for a formal request for production

**Discovery:** The Parties believe that all discovery proceedings can be completed by May 31, 2019. The parties recommend the following discovery plan:

Discovery proceedings can be completed by May 31, 2019.

Subjects on which discovery may be needed:

Evidence of alleged consumer confusion.

Defendant's knowledge of Plaintiff's trademark.

Defendant's efforts to register the alleged infringing mark.

Plaintiff's alleged damages.

The parties do not recommend any additional or other discovery limitations different from or beyond those specified in the court rules as well as the Order Setting Rule 16 Scheduling Conference.

**Disclosure or Discovery of Electronically Stored Information:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties do not anticipate any problems in this area but will cooperate and will seek the assistance of the Court in the event that any disagreements arise over electronically-stored information.

**Assertion of Claims of Privilege or Work-Product Immunity After Production:**

The parties agree to a clawback provision for inadvertently produced material which will be included in a protective order submitted to the Court for approval.

**Motions:**

The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov under Attorney Information. The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

Plaintiff: Rule 56 motion for summary judgment.

Defendant: Rule 56 motion for summary judgment.

The parties anticipate that all pre-motion conference requests will be filed by May 1, 2019

**Alternative Dispute Resolution:**

The parties propose submitting this case to facilitative mediation before exchanging written discovery and completing initial depositions. The parties further propose that the parties will jointly select a mediator by December 7, 2018 and will schedule a mediation hearing on or before January 30, 2018. If the parties are unable to agree upon a mediator, each will submit no more than 3 names to the Court and it shall choose a mediator from among those proposed by the parties.

**Length of Trial:**

The parties estimate that the trial will last approximately 2 days total, allocated as follows: 1 day for Plaintiff's case and 1 day for Defendant's case.

**Electronic Document Filing System:**  Counsel are aware that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/EFT system.

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK and STONE, P.L.C. | BAAR & LICHTERMAN, PLLC |
| By: /s/ Joseph M. Infante<br>Joseph M. Infante (P68719)<br>Attorneys for Plaintiff<br>99 Monroe Avenue, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 776-6333<br>infante@millercanfield.com | By: /s/ Joel Baar (w/permission)<br>Joel Baar (P56796)<br>Attorneys for Defendant<br>3140 Division Ave. SW<br>Suite A<br>Grandville, MI 49418<br>(616) 965-2221<br>joel@baarlegal.com |
| Dated: November 13, 2018 | Dated: November 13, 2018 |

32454916.1\156870-00001